[Cite as *State v. Griffin*, 2018-Ohio-3119.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-10-150 |
| | : | O P I N I O N |
| - vs - | | 8/6/2018 |
| | : | |
| WALTER A. GRIFFIN, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 17 CRB 03035-A


Thomas A. Dierling, 345 High Street, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Walter Griffin, appeals his conviction in the Hamilton Municipal Court for assault.

{¶ 2} Griffin resided at a motel with a woman named Melanie. One evening, Griffin returned to the room after work and saw Melanie there with three other individuals. Griffin, who had noticed that money he kept in his car was missing, confronted the four individuals

about the missing money. One of those individuals was Kenneth Sutton, who was waiting for a cab to arrive.

{¶ 3} Griffin observed people in the room using crack cocaine and heroin. Griffin specifically accused Melanie and Sutton of stealing his money, although both denied having done so. Griffin told the people in the room that they could not leave, and soon thereafter, picked up a three-foot-long ax handle that he kept in the room. When Sutton's cab arrived, and he got up to leave, Griffin hit Sutton on the head once and twice on the leg with the ax handle.

{¶ 4} Police responded to the motel room and questioned Griffin and Sutton. Griffin claimed that he acted in self-defense, as he was frightened of Sutton. Sutton told police that Griffin hit him on the head and leg with the ax handle after accusing him and Melanie of stealing money from him. The matter proceeded to a bench trial, during which both Sutton and Griffin testified. The trial court found Griffin guilty of assault. Griffin now appeals his conviction, raising the following assignment of error:

{¶ 5} MR. GRIFFIN'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 6} Griffin argues in his assignment of error that his conviction was against the manifest weight of the evidence.

{¶ 7} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

- 2 -

miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66. An appellate court will overturn a conviction due to the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Purvis*, 12th Dist. Butler No. CA2017-09-134, 2018-Ohio-2881, ¶ 19.

{¶ 8} Griffin was convicted of assault in violation of R.C. 2903.13(A), which provides, "no person shall knowingly cause or attempt to cause physical harm to another * * *." According to R.C. 2901.22(B), a person acts knowingly when "the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist."

{¶ 9} Although Griffin admits that he struck Sutton with a large ax handle in the head and leg, thus fulfilling the elements of assault, he claims that he did so in self-defense. With the defense of self-defense, a person is privileged to use only that force that is reasonably necessary to repel the attack. *State v. Williford*, 49 Ohio St.3d 247, 249-250 (1990).

{¶ 10} To establish self-defense against nondeadly force, the defendant must prove (1) that the defendant was not at fault in creating the situation giving rise to the altercation, and (2) that he or she had reasonable grounds to believe and an honest belief, even though mistaken, that he or she was in imminent danger of bodily harm and his or her only means to protect himself or herself from the danger was by the use of force not likely to cause death or great bodily harm. *State v. Russell*, 12th Dist. Warren Nos. CA2011-06-058 and CA2011-09-097, 2012-Ohio-1127.

{¶ 11} A defendant's fear of immediate death or great bodily harm must be objectively reasonable; there must be both reasonable objective grounds to believe that harm is imminent and there must be an honest subjective belief that harm is imminent. *Id.*

{¶ 12}   The evidence presented at trial does not support a finding of self-defense. The trial court heard evidence that once Griffin returned to the room to confront the people therein, he told the four individuals that no one could leave the room and blocked their egress from the room.  Regarding what threat Griffin defended himself against, Griffin testified that he perceived the threat because he "can read people's eyes and [Sutton had] ill intent." Griffin further testified that Sutton tried to kick him, but also claimed that Sutton did not "know much" about how to kick.

{¶ 13}   In sum, Griffin claimed that "the movement in [Sutton's] eyes," Sutton walking toward him where Griffin was blocking the door, and Sutton possibly trying to kick him were the reasons that he hit Sutton with the ax handle three times in self-defense.  However, near the end of his testimony, Griffin also stated that Sutton was "disrespecting" him by being in his room because Sutton did not have permission to be there or to be selling drugs in his room.

{¶ 14}   In making its decision, the trial court relied on evidence that Griffin was angry because Melanie was with another man in the motel room, and Griffin believed that Melanie and Sutton stole money from him.  The trial court specifically found that Griffin committed an act of "anger," Griffin was the only person in the room with a weapon, and that Griffin offered no credible evidence that he was ever in fear for his safety.

{¶ 15}   The trial court was in the best position to judge the credibility of the witnesses, and Griffin has failed to show that the trial court clearly lost its way in addressing the stated testimony and evidence.  As such, Griffin's conviction was not against the manifest weight of the evidence, and his sole assignment of error is overruled.

Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.

- 4 -