[Cite as *State v. Keller*, 2019-Ohio-1397.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-07-137 |
| | : | O P I N I O N |
| - vs - | | 4/15/2019 |
| | : | |
| RONDALE E. KELLER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2018-02-0293


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Rondale E. Keller, appeals his conviction in the Butler County Court of Common Pleas for robbery. For the reasons stated below, we affirm his conviction.

{¶ 2} In February 2018, appellant approached a woman as she was opening the driver's side door of her vehicle which was parked on the street in front of her house. Appellant pressed against the door to pin the victim to the frame of the vehicle and then used his arm to sweep the victim away from the door. During the sweeping motion, the victim fell

to the ground. As the victim was falling, appellant entered the vehicle, secured the keys, and started the ignition. Appellant drove away while the victim was still on the ground. After appellant drove away, the victim picked herself off the ground, walked toward the sidewalk, and called 911.

{¶ 3} Responding police officers were able to quickly locate the vehicle a few blocks away. Officers used a police dog to track appellant to a nearby house. As law enforcement converged on the house, a resident exited the front door to inquire about the police presence. Those officers asked to search the home and the resident consented. Officers entered the house and found appellant in an upstairs bedroom. Officers later found the victim's car keys partially concealed in an eyeglass case in the closet of the same bedroom in which they found appellant. The victim positively identified appellant as the perpetrator after an officer brought her to the house. Appellant was arrested and taken into custody.

{¶ 4} Based on those facts, appellant was indicted for robbery, a second-degree felony, in violation of R.C. 2911.02(A)(2). The case proceeded to a jury trial. The jury found appellant guilty as charged and the court sentenced him to five years in prison.

{¶ 5} Appellant appeals the conviction raising one assignment of error:

{¶ 6} MR. KELLER'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} In his sole assignment of error, appellant argues that his conviction was against the manifest weight of the evidence because he testified that he did not touch the victim. Specifically, appellant asserts he took the vehicle because he found it unlocked, with the engine running, and no other people around. We find that appellant's argument lacks merit.

{¶ 8} An appellate court reviews a manifest weight of evidence challenge by examining the "inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other." *State v. Cobb*, 12th Dist. Butler No.

CA2007-06-153, 2008-Ohio-5210, ¶ 94. To determine whether a jury verdict is against the manifest weight of the evidence, the reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice that requires the reversal of the conviction and an order for a new trial. *State v. Wilks*, 154 Ohio St. 3d 359, 2018-Ohio-1562, ¶ 168. While an appellate court review must consider witness credibility and weight of the evidence, those factors are primarily for the jury to decide. *State v. Gerdes*, 12th Dist. Butler No. CA2018-03-056, 2019-Ohio-913, ¶ 10. Only in the exceptional instance where the evidence weighs heavily against the conviction will an appellate court overturn the conviction on a manifest weight challenge. *State v. Griffin*, 12th Dist. Clermont No. CA2017-10-150, 2018-Ohio-3119, ¶ 7.

{¶ 9} Relevant to this review, a person commits robbery when he inflicts, attempts to inflict, or threatens to inflict physical harm on another, while committing, attempting to commit, or fleeing a theft offense. R.C. 2911.02(A)(2). Physical harm to a person is any injury, illness, or other physiological impairment, regardless of its gravity or duration. R.C. 2901.01(A)(3). A theft offense is, inter alia, a violation of R.C. 2913.02(A)(1), which prohibits the purposeful deprivation of property from another by knowingly exerting or obtaining control over that property without consent of the owner. R.C. 2913.01(K)(1).

{¶ 10} At trial, appellant testified on his own behalf. During his testimony, appellant admitted that he stole the victim's vehicle, thereby committing a theft offense. Therefore, the only question for us to decide is whether the appellant inflicted physical harm on the victim during the commission of the theft.

{¶ 11} After our review of the record, we cannot find that the jury clearly lost its way in convicting appellant of robbery. The prosecutor presented credible evidence of the victim's injury. This evidence included photographs and testimony from multiple witnesses.

{¶ 12} At trial, the victim testified that she was able to accurately identify appellant as the perpetrator because she clearly saw him before and during the attack. The victim stated that appellant used his arm to push her away from the car and because of that force she fell hard on the street. The victim experienced soreness in her arms and legs and a minor abrasion to her right elbow because of the fall. The 911 call by the victim was admitted into evidence, in which the victim can be heard saying in a frantic voice that she was just pushed down while someone stole her vehicle.

{¶ 13} Both the victim and another witness testified that the victim did not suffer any pain or abrasions prior to her contact with appellant. The first responding patrol officer also testified that he saw the injury to the victim. Furthermore, a police detective testified that when he interviewed the victim a few hours after the incident, he saw blood on the elbow portion of the victim's shirt sleeve that indicated to him the injury was fresh. Finally, the prosecutor presented photographs of the victim taken shortly after the event that clearly showed the elbow injury.

{¶ 14} In addition to his testimony that he found the vehicle unattended with the engine running, appellant testified that he was "intoxicated" when he committed the offense, because he had consumed alcohol the night before. However, on cross-examination appellant wavered on both the quantity and type of alcohol he consumed the previous night. Moreover, he admitted that he had stopped drinking and slept for several hours before encountering the victim. Despite claiming intoxication, appellant was able to give a detailed account of the time leading up to and after the offense.

{¶ 15} It is not against the manifest weight of the evidence when a trier of fact believes the testimony of the prosecution's witness. *State v. Martino*, 12th Dist. Butler No. CA2017-09-139, 2018-Ohio-2882, ¶ 13. While appellant testified in his defense that he did not even see another person around the vehicle, it is apparent the jury found that portion of his

- 4 -

testimony unbelievable. As noted above, it is the province of the jury to make credibility determinations. The jury is free to believe or disbelieve the testimony of any witness at trial. *State v. Erickson*, 12th Dist. Warren No. CA2014-10-131, 2015-Ohio-2086, ¶ 42.

{¶ 16} Accordingly, appellant's conviction was not against the manifest weight of the evidence and his sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.