OPINION
{¶ 1} Defendant-appellant, Keith E. McLean ("McLean"), appeals his conviction for violating a protection order, a first degree misdemeanor in violation of R.C. 2919.27, following a jury trial in the Trumbull County Court, Eastern District, on July 17, 2003. McLean was sentenced to one-hundred eighty days in the county jail, stayed pending this appeal. For the following reasons, we affirm McLean's conviction.
 {¶ 2} On August 14, 2002, following a hearing before a magistrate at which McLean was present, the Mahoning County Court of Common Pleas issued an Order of Protection, pursuant R.C. 3113.31(F)(2), restraining McClean from contact with his former wife, Dennise A. McLean ("Dennise"). The protection order further provided that McLean "shall not possess, use, carry, or obtain any deadly weapon." The protection order was to remain in effect until August 14, 2007. McLean received a copy of the protection order mailed to his home at 2239 McGuffey Road in Youngstown, Ohio.
 {¶ 3} On August 26, 2002, Dennise filed a "Motion to Modify or Suspend Civil Protection Order" requesting that the protection order be modified to include a 1999 Plymouth Neon. Service of this motion was made upon McLean at 2239 McGuffey Road by certified mail. At trial, McLean denied that he received a copy of this motion.
 {¶ 4} On August 27, 2002, counsel for McLean filed "Objections to the Decision of the Magistrate: Notice" stating objections to the Order of Protection issued on August 14, 2002. Attached to the objections was an affidavit sworn to by McLean. At trial, McLean testified that he was not aware that counsel had filed objections on his behalf.
 {¶ 5} On September 25, 2002, a hearing was held on Dennise's motion to modify the protection order. Dennise, McLean, and McLean's counsel did not appear for the hearing. At trial, McLean testified that he was not aware that a hearing had been scheduled.
 {¶ 6} On September 27, 2002, the magistrate issued a decision on Dennise's motion stating: "This matter was called for hearing on September 25, 2002, on the Motion to Modify Civil Protection Order filed by [Dennise] on August 26, 2002. No one appeared for the hearing. Case dismissed for lack of prosecution." Service of the magistrate's decision was made upon McLean at 2239 McGuffey Road by regular mail. At trial, McLean testified that he received a copy of the magistrate's decision and that, relying thereon, he believed that the protection order against him had been dismissed.
 {¶ 7} On October 10, 2002, the trial court issued a judgment entry overruling McLean's objections to the August 14, 2002 protection order. Service of the October 10, 2002 judgment entry was made upon McLean at 2239 McGuffey Road by regular mail. At trial, McLean testified that he never received a copy of the October 10, 2002 judgment entry.
 {¶ 8} On October 25, 2002, the magistrate issued an amended magistrate's decision correcting its earlier decision issued on September 27, 2002, stating "case dismissed for lack of prosecution." The amended magistrate's decision ruled as follows: "The Motion to Modify Civil Protection Order filed by [Dennise] on August 26, 2002, is * * * dismissed for lack of prosecution." Service of the October 25, 2002 amended magistrate's decision was made upon McLean at 2239 McGuffey Road by regular mail. At trial, McLean testified that he never received a copy of the October 25, 2002 amended magistrate's decision.
 {¶ 9} On December 12, 2002, the trial court entered a judgment entry adopting the October 25, 2002 amended magistrate's decision that the "Motion to Modify Civil Protection Order filed by [Dennise] on August 26, 2002, is * * * dismissed for lack of prosecution." Service of the December 12, 2002 judgment entry was made upon McLean at 2239 McGuffey Road by regular mail. At trial, McLean testified that he never received a copy of the December 12, 2002 judgment entry adopting the amended magistrate's decision.
 {¶ 10} On February 15, 2003, officers Aaron M. Kasiewicz ("Kasiewicz") and Ralph Marchio ("Marchio") of the Brookfield Township Police Department confronted McLean while issuing a parking summons on McLean's vehicle. The officers were advised by dispatch that McLean had an invalid driver's license, that there was an active warrant for his arrest, and that there was a protection order issued against him. The officers asked McLean to produce his registration and insurance information. McLean went to his vehicle, opened his glove compartment "a little bit," and retrieved a piece of paper that was not his registration or insurance. According to Marchio, McLean "was acting very suspicious and nervous." According to Kasiewicz, McLean was acting "real sneaky." When McLean returned to his glove compartment a second time, he opened it a little further. Kasiewicz then noticed a handgun in the glove compartment. McLean was arrested and subsequently charged with violating a protection order.
 {¶ 11} On appeal, McLean raises the following assignments of error:
 {¶ 12} "[1.] The appellant's conviction for violation of civil protection order is not supported by sufficient evidence.
 {¶ 13} "[2.] Appellant's conviction is against the manifest weight of the evidence."
 {¶ 14} The legal concepts of the sufficiency of the evidence and of the manifest weight of the evidence are distinct. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. The sufficiency of the evidence is a legal issue. "`[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Id., quoting Black's Law Dictionary (6 Ed. 1990), 1433. In reviewing the sufficiency of the evidence to support a criminal conviction, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979),443 U.S. 307, 319.
 {¶ 15} The manifest weight of the evidence raises a factual issue. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."Thompkins, 78 Ohio St.3d at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175; State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *14-*15 (citation omitted). Although "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts," State v. DeHass (1967),10 Ohio St.2d 230, at paragraph one of the syllabus, when considering the weight of the evidence, the reviewing court sits as a "thirteenth juror" and may "disagree with the factfinder's resolution of the conflicting testimony." Thompkins, 78 Ohio St.3d at 387, citing Tibbs v. Florida
(1982), 457 U.S. 31, 42.
 {¶ 16} In order to convict McLean of violating a protection order, the prosecution was required to show that McLean "recklessly violate[d] the terms of * * * [a] protection order issued * * * pursuant to * * * section 3113.31 of the Revised Code." R.C. 2919.27(A)(1). "Recklessly" means that McLean perversely, and with heedless indifference to the consequences, disregarded a known risk that he was violating the terms of the protection order by possessing a firearm. R.C. 2901.22(C).
 {¶ 17} McLean argues that he could not be found to have recklessly violated the protection order because he reasonably believed, relying on the September 27, 2002 magistrate's decision, that the protection order had been "dismissed for lack of prosecution." The prosecution, McLean asserts, has failed to introduce any evidence to contradict his testimony. The prosecution did not produce evidence that McLean ever received any of the trial court's subsequent judgment entries and/or decisions that would have put him on notice that the protection order was still in effect. The prosecution's evidence only shows that the trial court gave instructions for these documents to be mailed to McLean's proper address. The prosecution submitted no evidence that the documents were actually mailed. Therefore, McLean concludes, the prosecution has failed to meet its burden of proof that McLean acted recklessly, i.e., with heedless indifference to the possibility that the protection order was still in effect. We disagree.
 {¶ 18} While the prosecution produced no direct evidence that McLean received copies of the trial court's subsequent filings, the documents submitted by the prosecution are circumstantial evidence of the fact that McLean received these documents. "Circumstantial evidence" is the proof of certain facts and circumstances in a given case, from which [the] jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind. Black's Law Dictionary (6 Ed. 1990) 243. It is well-established that "[c]ircumstantial evidence and direct evidence inherently possess the same probative force." Jenks,61 Ohio St.3d 259, paragraph one of the syllabus. Circumstantial evidence is particularly appropriate for proving an accused's intent or state of mind. Midland Steel Prods. Co. v. U.A.W. Local 486 (1991),61 Ohio St.3d 121, 128 (citation omitted). "The intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances under proper instructions from the court." In re Washington, 81 Ohio St.3d 337, 340, 1998-Ohio-627, quotingState v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus.
 {¶ 19} The evidence submitted by the prosecution establishes that the trial court instructed the clerk of courts to mail copies to McClean at his proper address. From this fact, the jury may reasonably infer that the clerk did, in fact, mail copies and that McLean received them, as he did with certain other documents mailed to 2239 McGuffey Road. Thus, the prosecution did introduce evidence that McLean was aware of the amended magistrate's decision and that McLean received copies of other court documents indicating that the protection order was still in effect.
 {¶ 20} Likewise, the prosecution introduced indirect evidence of McLean's suspicious behavior in trying to conceal the presence of the handgun in his glove compartment from the police. This testimony, too, is circumstantial evidence that McLean was aware of the possibility that the protection order was still in effect. If McLean were trying to conceal the handgun's presence, it is reasonable to infer that he did so because possession of the handgun violated the protection order's injunction against possessing a deadly weapon.
 {¶ 21} Finally, McLean admitted on cross-examination that the original protection order issued against him was to be in effect until August 14, 2007, and that the August 26, 2002 motion filed by Dennise was only a motion to modify the original order.
 {¶ 22} Thus, there was evidence that McLean received notice that the protection order was still in effect, that McLean acted as though the protection order was still in effect, and that McLean knew that Dennise had not asked the court to withdraw the protection order, but rather, only to modify the original protection order. Construing this evidence in a light most favorable to the prosecution, we hold that the jury could have reasonably found, beyond a reasonable doubt, that McLean recklessly violated the protection order by possessing a handgun in violation of that order. McLean's first assignment of error is without merit.
 {¶ 23} Consideration of McLean's second assignment of error requires us to weigh the relative credibility of McLean's direct testimony that he never received notice of the continued existence of the protection order against the prosecution's circumstantial evidence that McLean did receive notice. We find that the jury reasonably concluded that McLean acted recklessly beyond a reasonable doubt.
 {¶ 24} In this case, the jury was justified in doubting McLean's testimony that he never received notice of the amended magistrate's decision. McLean testified that he was unaware that his attorney filed objections to the protection order on his behalf, despite the fact that McLean's sworn affidavit was attached to these objections. This testimony would naturally call into question McLean's credibility. McLean's credibility was also compromised by the self-serving nature of his testimony. The prosecution introduced evidence that on five separate occasions within a five month period the court instructed documents to be mailed to McLean at 2239 McGuffey Road. The only documents McLean claimed to have actually received were those that would exonerate him of the present charge. McLean offered no explanation as to why he should not have received the other documents. This coincidence raises questions regarding McLean's veracity.
 {¶ 25} Where there is conflicting evidence, as in this case, the weight and credibility given the evidence are primarily for the jury to determine. We cannot say that, by choosing to credit the prosecution's evidence over McLean's testimony, the jury lost its way or created a miscarriage of justice. The second assignment of error is without merit.
 {¶ 26} For the foregoing reasons, McLean's conviction for violating a protection order is affirmed.
Ford, P.J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.