OPINION
{¶ 1} Defendant-appellant, Michael Wells, appeals from his judgment of conviction in the Warren County Court of Common Pleas for five counts of rape. Appellant argues that he was denied his Sixth Amendment right to effective assistance of trial counsel and that his convictions are against the manifest weight of the evidence. We affirm the decision of the trial court.
 {¶ 2} In September 2004, appellant was indicted for the rape of M.T., the 12-year-old daughter of his live-in girlfriend. The indictment included six counts of rape, alleging six separate instances of sexual acts committed against the victim. In March 2005, following a bench trial, appellant was convicted on five of the counts in the indictment, with the first count being dismissed by a Rule 29 motion at the close of the state's case.
 {¶ 3} The events leading to the convictions occurred at different times throughout the months of March 2004 to May 2004, during which the child's mother was in and out of the hospital for surgery and surgery-related complications. During these times, the child was left in the care of relatives and, at times, with appellant, who lived with the family. Throughout his trial, appellant denied having committed the acts against the child, stating that he was not alone with the girl at the times she claims the incidences occurred and that her motive for fabricating the allegations was that she did not like his strict enforcement of rules in their home.
 {¶ 4} At trial, the child victim testified that the first incident of rape occurred when appellant put in a pornographic video for the two to watch together, asked her to remove her clothes, and touched her vagina. On another occasion, the victim testified that appellant entered her room, began to rub her leg, and asked her to take off her pants. Appellant coerced her into allowing him to touch his genitals to hers, and then proceeded to have intercourse with her until she kicked him off and threatened to scream. The child testified that her mother was home after a stay in the hospital, but was in her room, ill. The victim further testified that, on yet another occasion when her mother was away in the hospital, she went into appellant's bedroom. She testified that appellant asked her to get on the bed with him and then to remove her pants, and that he then again had intercourse with her.
 {¶ 5} The victim also testified that on two separate occasions on the same day, she was required to perform oral sex on appellant. She testified that the first incident occurred when appellant required she perform oral sex upon him in exchange for permission to go to the park with a friend. The victim identified, in her testimony, the color of appellant's pubic hair, and the existence of a rash which she saw on appellant's upper thigh during this act. The existence of the rash was confirmed by both her mother's testimony, as well as the testimony of a defense witness, appellant's current girlfriend. The second instance of rape, occurring on that same day, occurred when the child victim asked permission to go to her sixth grade camp. She testified that time appellant again told her she would have to perform oral sex upon him in exchange for permission. The victim testified that appellant also performed oral sex on her during this time.
 {¶ 6} Appellant was sentenced on April 18, 2005 to ten years on each count, with the sentences to run concurrently. Appellant appeals, raising two assignments of error:
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "WELLS WAS DENIED HIS SIXTH AMENDEMNT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO SUBPOENA OR EXAMINE ESSENTIAL WITNESSES."
 {¶ 9} Appellant argues that his attorney committed prejudicial errors during his representation of appellant in failing to call certain identified witnesses who allegedly could have helped appellant establish his alibi and the child victim's motivation for fabricating the allegations. He argues that these errors prejudiced the outcome of the case and require this court to reverse the judgment of conviction in this case. We disagree.
 {¶ 10} To prevail on an ineffective assistance of counsel claim, a criminal defendant must demonstrate both that his counsel's performance was deficient, and that he was prejudiced by that deficient performance. State v. Coulter (1992),75 Ohio App.3d 219, 229; citing Strickland v. Washington (1984),466 U.S. 686, 687, 104 S.Ct. 2052. Failure to sufficiently establish either element will preclude the claim. Id. To demonstrate that counsel's performance was deficient, a defendant must show that his counsel's representation "fell below an objective standard of reasonableness." Id. To show that he was prejudiced by that deficient performance, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id.
 {¶ 11} There exists a presumption that the act or omission of trial counsel is the product of trial strategy, falling within the discretion of the professional, rather than mere negligence or incompetence. See State v. Bradley (1989),42 Ohio St.3d 136, 142, State v. Baker (Aug. 23, 1999), Clermont App. No. CA98-11-108, 1999 WL636479. It is not the role of the appellate court to second guess the strategic decisions of trial counsel.Baker at *23. A reviewing court may not use the benefit of hindsight to distort the assessment of trial actions or strategy which may have been reasonable from the perspective of counsel at the time. Id.
 {¶ 12} Further, decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics.Coulter, 75 Ohio App.3d at 230. The mere failure to subpoena witnesses for a trial is not a substantial violation of defense counsel's essential duty, absent a showing of prejudice. Statev. Reese (1982), 8 Ohio App.3d 202, 203. Additionally, the failure to call witnesses is not prejudicial if the testimony of those witnesses would be merely corroborative. State v. Revels,
Butler App. Nos. CA2001-09-223, CA2001-09-230, 2002-Ohio-4231, ¶ 29-30, citing Middletown v. Allen (1989), 63 Ohio App.3d 443. Appellant has the burden of establishing that the testimony of the witnesses would have significantly assisted the defense and affected the outcome of the case. See State v. Kelly, Clermont App. No. CA2004-12-104, 2005-Ohio-7032, ¶ 60.
 {¶ 13} In the case at bar, appellant contends that his trial counsel committed "unprofessional errors" by failing to call certain identified witnesses who may have been able to help appellant establish that he was not alone with the child victim during the time the offenses occurred. However, appellant's contentions merely speculate what the testimony of these witnesses may have been. There is no clear showing that these witnesses could have established appellant's claim of an alibi for the times of the offenses and therefore no showing that appellant was prejudiced by their exclusion. Further, appellant's counsel presented the testimony of four witnesses on appellant's behalf, at least one of whom attempted to support appellant's claim that he was not alone with the child victim on one of the days in question. As the decision not to present testimony of unknown content, which at best would be merely corroborative or cumulative, is not clearly prejudicial, it is within the discretion of trial counsel.
 {¶ 14} Appellant also contends that additional witnesses, including the child's counselors, teachers, and family members should have been called to testify to the behavior of the child victim, in order to help him establish his claim that she was fabricating the allegations to get rid of him. Again, appellant's contentions as to the testimony of these witnesses are merely speculation. Speculation alone is insufficient to find error on behalf of trial counsel. There is no indication that trial counsel's failure to subpoena these witnesses was the result of incompetence or negligence as opposed to sound trial strategy.
 {¶ 15} Similarly, appellant has failed to show any prejudice resulting from his counsel's alleged failure to obtain or introduce medical records related to the child victim's medical exam presumably done following the rape allegations. Appellant argues that certain records may have helped him establish his defense if the records included information related to the rash which the child victim testified as having seen during one of the encounters. There is no evidence in the record as to the existence or availability of such records or their content. Again, appellant's arguments are speculation and fail to establish error on the part of trial counsel.
 {¶ 16} Appellant has not shown that his trial counsel's representation fell below an objective standard of reasonableness. As appellant's assignment of error fails to meet the first requirement of the test under Strickland, his claim of ineffective assistance of counsel fails and we need not address whether or not any errors by trial counsel prejudiced the outcome of the case. Accordingly, appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "WELLS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 19} Appellant argues that the court clearly committed a manifest injustice in convicting him of the crimes charged, stating that there was overwhelming evidence to refute the testimony of the child victim. Again, we disagree.
 {¶ 20} An appellate court will not reverse a judgment as against the manifest weight of the evidence in a bench trial where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Kash, Butler App. No. CA2002-10-247,2004-Ohio-415, ¶ 11. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at ¶ 12. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.; citing State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52.
 {¶ 21} Further, although a reviewing court considers the weight of the evidence and the credibility of the witnesses, "that review must nevertheless be tempered by the principle that weight and credibility are primarily for the trier of fact," as they are in the best position to "view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Kash at ¶ 25 (finding inconsistencies in testimony of victim not so incredible as to render testimony beyond belief, and verdict was therefore not against manifest weight of evidence). We have previously recognized that this is especially true with regard to child victims of sexual abuse. See In reD.S., 160 Ohio App.3d 552, 2005-Ohio-1803, ¶ 15. A trial court, acting as the fact-finder, is in the best position to observe and determine the maturity, sincerity, and believability of a child victim's testimony. Id. (affirming finding of delinquency of juvenile who committed sex offenses against other minor children despite imprecise nature of victim's testimony). Additionally, Ohio courts have consistently recognized that the testimony of the victim of sexual assault cases, if believed, is sufficient to prove the elements of sex offenses, and need not be corroborated as a precedent to conviction. Laseur at ¶ 14; citing State v.Banks (1991), 71 Ohio App.3d 214.
 {¶ 22} In the case at bar, appellant argues that the testimony of the child victim was not credible due to the fact that she became frustrated during cross-examination and had trouble remembering events, other than the offenses, which occurred on the same days as the offenses. He further argues her testimony was not credible because she disliked him as a parent in her home and therefore had motive to fabricate the allegations in order to get rid of him. He argues that the child victim had severe emotional and behavioral problems stemming from a history of sexual abuse at the hands of a former step-father and brother, and that, in light of testimony regarding her willingness to lash out when angered, too much weight was given to her testimony. Appellant also argues that his own testimony that he was not alone with the child victim at the times of the offenses was corroborated by other witnesses at the trial, including the victim's mother.
 {¶ 23} However, appellant's assertions do not amount to a finding that the trial court clearly lost its way in finding appellant guilty of the offenses charged among the conflicting testimony. The testimony of the child victim, although imprecise at times, was clear in relaying, in significant detail, multiple incidences on which appellant coerced the child into allowing him to have intercourse with her and to perform oral sex upon him. Also, she was able to testify to the color of appellant's pubic hair and the existence of a rash on appellant's upper thigh, seen during an instance in which appellant coerced her to perform oral sex on him in exchange for permission to go to the park with a friend. The existence of this rash was corroborated by the testimony of the victim's mother, appellant's live-in girlfriend during the time of the offenses, and by the testimony of a defense witness, appellant's current girlfriend.
 {¶ 24} Further, appellant's testimony that he was not alone with the victim during the times of the offenses was not fully corroborated at trial. Throughout the trial, there was considerable testimony about the days that the offenses occurred. Since all of the offenses had happened months prior to being reported and nearly a year prior to the date of trial, much of the testimony was made in approximations. While some defense witnesses testified that they had not seen appellant alone with the victim, this did not corroborate his claim that he wasnever alone with the child. Their testimony and credibility was available for the judge to include when weighing the evidence. Further, the last two offenses, in which appellant twice coerced the victim to perform oral sex upon him, and also performed oral sex upon the victim, were the only offenses which occurred on an identified date. There was testimony from appellant's current girlfriend, called as a defense witness, regarding times of that day during which she had seen appellant, the victim and the victim's mother, which the court considered in weighing the evidence.
 {¶ 25} The evidence presented in this case, including the testimony of the child victim as to the details of the offenses and the testimony by other witnesses at trial, corroborating the existence of a rash that the victim saw during one of the encounters, is more than sufficient to sustain the convictions of rape. We cannot say that the evidence presented at trial clearly weighs against conviction. Because appellant has failed to show how his conviction was against the manifest weight of the evidence, his second assignment of error is overruled.
 {¶ 26} For the foregoing reasons, the judgment of the trial court is affirmed.
Powell, P.J., and Walsh, J., concur.