OPINION
{¶ 1} Defendant-appellant, Raynard Hollingsworth, appeals from his judgment of conviction in the Warren County Court for one count of violation of a protection order. In his sole assignment of error, appellant claims his conviction is against the manifest weight of the evidence. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On November 24, 2003, Juanita D. Vordenberg obtained an order of *Page 2 
protection, enjoining appellant, Vordenberg's ex-husband, from contacting either Vordenberg or their daughter, D.H. The order was effective for five years.
 {¶ 3} On November 21, 2005 a complaint was filed with the Warren County Court, charging Appellant with violating the order of protection, in violation of R.C. 2919.27(A)(2), by making contact with his daughter on November 20, 2005. Appellant entered a plea of not guilty and proceeded to a bench trial, held May 2, 2006.
 {¶ 4} At the trial, the state presented the testimony of both Vordenberg and her daughter, D.H, who testified that appellant attempted to make contact with D.H. while she was performing in a Springboro parade. Appellant and a friend, Willie Mae Walker, testified that appellant did not attempt to contact his daughter at the parade and did not know she was there.
 {¶ 5} At the close of the evidence and arguments, the court found appellant guilty and sentenced him to one year of community control and a fine of $ 350.
 {¶ 6} Appellant then filed this timely appeal, in which he argues that the trial court created a manifest miscarriage of justice in weighing the evidence and finding him guilty of violating the protection order. Appellant argues that Vordenberg's testimony was confused and not credible and that the testimony of D.H. is inconsistent with the remaining evidence. Appellant urges this court to accept his own testimony, corroborated by the testimony of Walker, as overwhelming evidence of his innocence.
 {¶ 7} An appellate court will not reverse a conviction as against the manifest weight of the evidence presented in a bench trial, where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v.Wells, Warren App. No. CA2004-04-050, 2006-Ohio-874, ¶ 20. The reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in *Page 3 
resolving conflicts in the evidence, the court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. Further, "although a reviewing court considers the weight of the evidence and the credibility of the witnesses, `that review must nevertheless be tempered by the principle that weight and credibility are primarily for the trier of fact,' as they are in the best position to `view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" Id., quotingState v. Kash, Butler App. No. CA2002-10-247, 2004-Ohio-415, ¶ 11. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 8} R.C. 2919.27 prohibits the reckless violation of an order of protection. The order at issue in this case, from the Warren County Court of Common Pleas, provides that appellant shall not initiate any contact with Vordenberg or with D.H., shall not be present within 100 yards of them, and that if appellant accidentally comes in contact with either Vordenberg or D.H., he is to depart immediately.
 {¶ 9} After a thorough review of the evidence presented in this case, we cannot say that the trial court created a manifest miscarriage of justice or that the evidence weighs heavily against appellant's conviction. At trial, the state first presented the testimony of appellant's 13-year-old daughter, D.H. D.H. testified that she was in a Springboro parade, performing with her dance class and that as she neared the end of the parade, she observed appellant yelling her name and motioning her to come over to him. D.H. testified that she was afraid of appellant and knew that he was not supposed to have contact with her. D.H. stated that she then ran to her mother and told her what had happened. D.H. explained that appellant lived in Dayton and would not have any *Page 4 
reason to come to Springboro. D.H. also described appellant as wearing a scarf over his face as a disguise and testified that she believed appellant was later following her and her mother at the gathering area at the end of the parade.
 {¶ 10} The state also presented the testimony of Vordenberg. There is some confusion, within Vordenberg's testimony, as to whether or not she saw appellant attempt to initiate contact with D.H. Vordenberg testified that she only knew that appellant tried to contact her daughter when D.H. told her about it. However, she also, at one point, testified that she did see appellant yell to D.H. Despite that confusion, Vordenberg also corroborated D.H.'s testimony that D.H. ran to her and told her that she had seen appellant yelling to her and motioning for her to come to him. Vordenberg also testified that she, herself, then saw appellant in the gathering area at the end of the parade. Vordenberg testified that she then took out her camera and took pictures of appellant. The state then submitted those photos into evidence.
 {¶ 11} Appellant focuses on the confusion during Vordenberg's testimony regarding whether or not she saw appellant attempt to initiate contact with D.H. and argues that this inconsistency destroys her credibility. Appellant asks this court to instead rely on the evidence presented by his own testimony and that of his friend, Walker. Both appellant and Walker testified that they were together during the entire parade and that appellant did not attempt to approach or contact D.H. Walker and appellant also testified that it was Vordenberg and her husband that initiated contact with appellant after the parade and that Vordenberg began yelling and taking pictures of appellant. Both Walker and appellant testified that appellant, upon seeing Vordenberg, began to leave. Appellant argued that the photos taken by Vordenberg showed appellant walking away.
 {¶ 12} However, even if we were to disregard Vordenberg's testimony regarding *Page 5 
whether or not she saw appellant attempt to initiate contact with D.H., that would not render appellant's conviction against the manifest weight of the evidence. D. H. testified that appellant shouted her name and motioned for her to come over to him. This account was then corroborated by Vordenberg's testimony that D.H. did come to her and report that appellant had yelled to her during the parade. While appellant's testimony, and that of his friend, Walker, attempt to refute D.H.'s claims, that does not render appellant's conviction against the manifest weight of the evidence. Further, while appellant argues that his testimony was corroborated by that of Walker, the resolution of conflicting evidence is primarily the job of the trier of fact. SeeState v. Mclean, Trumbull App. Nos. 2003-T-0117, 2003-T-0118,2005-Ohio-1562, ¶ 24. The weight and credibility to be given Walker's testimony was a decision for the trial court and we can not say that, in choosing to credit the testimony of D.H. over the testimony of appellant's friend, that the court clearly lost its way or created a manifest miscarriage of justice. In light of the evidence presented, the trial court could reasonably conclude, beyond a reasonable doubt, that appellant had violated the protection order at issue when he initiated contact with D.H. by yelling to her during the parade and by not immediately leaving the parade upon seeing her there.
 {¶ 13} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 14} Judgment affirmed.
 YOUNG, P.J., and WALSH, J., concur. *Page 1