[Cite as *State v. Tucker*, 2022-Ohio-3273.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-02-020 |
| | : | O P I N I O N |
| - vs - | | 9/19/2022 |
| | : | |
| WILLIAM R. TUCKER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2017-01-0028

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, Co., LPA, and Wendy R. Calaway, for appellant.

**PIPER, P.J.**

{¶1} Appellant, William Tucker, appeals a decision of the Butler County Court of Common Pleas denying his petition for postconviction relief.

{¶2} On January 6, 2017, Tucker was charged with first and second-degree aggravated arson and felony murder. The state alleged that Lester Parker, Tucker's uncle and codefendant, arranged for Tucker to set fire to Parker's home while Parker was away, in exchange for oxycodone pills. The fire resulted in the death of a firefighter, Patrick

Wolterman.

{¶3} On November 7, 2017, after a nine-day trial, a jury found Tucker guilty on all counts. Tucker was sentenced to a term of 15 years to life in prison. On direct appeal, this court overruled all five of Tucker's assignments of error and affirmed the trial court's judgment. *State v. Tucker*, 12th Dist. Butler No. CA2017-12-172, 2019-Ohio-911.

{¶4} Several years later, on August 26, 2021, Tucker filed a Petition to Vacate or Set Aside Judgment of Conviction, requesting an evidentiary hearing and appointment of counsel. His petition included a claim of ineffective assistance of counsel by his trial attorney for an alleged failure to call several witnesses.

{¶5} On October 29, 2021, the trial court denied Tucker's petition without holding an evidentiary hearing. The trial court found that the claims were untimely because Tucker was not unavoidably prevented from discovering the witness statements prior to trial. In addition, the trial court found that Tucker's ineffective assistance of counsel claim was barred by res judicata, concluding that Tucker could have raised the issue on direct appeal. Tucker now appeals from the trial court's decision, raising a single assignment of error for review:

{¶6} THE TRIAL COURT ERRED IN DENYING THE POSTCONVICTION PETITION WITHOUT A HEARING.

{¶7} In his assignment of error, Tucker argues that there is nothing in the record to support the trial court's finding that the witness statements were provided to Tucker prior to trial. In addition, he argues that, because his claim of ineffective assistance of counsel was presented through a postconviction petition, res judicata was not a proper basis for denying an evidentiary hearing.

{¶8} A trial court's decision to grant or deny a postconviction petition will not be reversed absent an abuse of discretion. *State v. Watson*, 12th Dist. Butler No. CA2016-

08-159, 2017-Ohio-1403, ¶ 14.  The standard is deferential, requiring the trial court to engage in more than mere error in law or judgment.  *Id.*  Instead, it requires that we find that the trial court's decision was "unreasonable, arbitrary or unconscionable."  *State v. Perkins*, 12th Dist. Clinton No. CA2005-01-002, 2005-Ohio-6557, ¶ 8.  A petitioner seeking postconviction relief is not automatically entitled to an evidentiary hearing on the petition.  *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 164.

{¶9}   Under R.C. 2953.21(A)(2)(a)-(b), a petition for postconviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal, or, if there is no direct appeal, 365 days after the expiration of the time in which a direct appeal could have been filed.  Here, the final transcript was filed on April 9, 2018, making the deadline for Tucker to file his petition April 9, 2019.  Tucker's petition filed on August 26, 2021, was well outside the applicable time frame.

{¶10}  However, Ohio's statutory procedure allows the court to entertain an untimely postconviction petition if the petitioner shows that either (1) he was unavoidably prevented from discovery of the facts upon which he relied in his petition; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right.  If the petitioner can satisfy one of these conditions, he must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable trier of fact would have found him guilty.  R.C. 2953.23(A)(1)(a)-(b); *Watson*, 2017-Ohio-1403 at ¶ 17.

{¶11} Tucker asserts that he did not discover the witness statements of Cecil Sebastian, Teresa McAdams, Tkeyah McDonald, Joyce Haynes, Christy Hartford, and Daniel Hatfield until after his trial, when his mother mailed his discovery evidence to him at the Belmont Correctional Institution.  He claims that each one of the witness statements demonstrates that Pat Brandenburg was the perpetrator of the crimes for which he was

convicted, and that there is "nothing in the record" to support a finding by the trial court that the witness statements were provided to the defense prior to trial.

**{¶12}** After reviewing the record, we find Tucker's assertions are without merit. Tucker does not demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim of relief. Instead, the record shows that the six witness statements were initially provided to Tucker and his attorney during discovery. On January 21, 2017, nearly ten months before trial, the State answered Tucker's request for discovery. Included in the response were items numbered 138, 140, 141, 147, 156, and 157, representing the witness statements of Sebastian, Hartford, Hatfield, Haynes, McAdams, and McDonald, respectively.

**{¶13}** In addition, the State provided multiple documents regarding Pat Brandenburg in the same set of responses. The State also filed a motion in limine on October 27, 2017, seeking to preclude the use of Pat's nickname.[1] Thus, the record supports the trial court's finding that the witness statements were provided to Tucker and his attorney well before trial. Because Tucker cannot meet the first prong of R.C. 2953.23(A)(1), this court cannot entertain his untimely petition for postconviction relief.

**{¶14}** Further, despite Tucker's argument to the contrary, the trial court did not err in finding his petition was barred by res judicata. It is well established that res judicata is a proper basis for dismissing a petition for postconviction relief under R.C. 2953.21. *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 30. Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating any defense or any claimed lack of due process that was raised, or could have been raised, by the defendant at the trial, which resulted in that judgment of

---

1. In Teresa McAdams's statement, she refers to Pat Brandenburg as "Pyro Pat." The State filed the motion in limine to prevent the use of this nickname at trial as improper character evidence.

conviction. *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 15.

**{¶15}** When a defendant, like Tucker, is represented by new counsel on direct appeal and fails to raise the issue of competent trial counsel during the first appeal, and the issue could have fairly been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing the defendant's petition for postconviction relief. *State v. Dingus*, 12th Dist. Madison No. CA91-08-025, 1992 Ohio App. LEXIS 2045, *9-10 (April 20, 1992) ("Appellant did not raise his claim of ineffective assistance of counsel until after he had exhausted his direct appeals and then subsequently made his petition for postconviction relief. As such, appellant's claim is barred by the doctrine of *res judicata*"). As mentioned above, the evidence of the witness statements was made available during discovery, and therefore appellant's claim of ineffective assistance of counsel could have been raised on direct appeal. Tucker cannot demonstrate that he was unavoidably prevented from discovering the witness statements and the claim is barred by res judicata.

**{¶16}** Moreover, we note that had Tucker been unable to raise these arguments on direct appeal, there is no merit to his argument that trial counsel was ineffective for failing to present the witness testimony. All six statements are inadmissible due to their content or are irrelevant to Tucker's defense. The statements of Hartford, Hatfield, Haynes, and McAdams contain only statements of Pat Brandenburg's bad character, and the statement by McDonald would not have assisted Tucker's defense.[2] The statement made by Sebastian was unreliable.[3] Tucker's trial counsel's decision not to present the six witness

---

2. Under Evid.R. 404(A), evidence of a person's character or character trait is not admissible to show that the individual acted in conformity with that character trait on a particular occasion. *State v. Rogers*, 12th Dist. Butler No. CA2017-08-112, 2018-Ohio-1356, ¶ 25.

3. Under Evid.R. 804(B)(2), a statement against interest is admissible provided certain requirements are met, including that the statement is trustworthy. *State v. Bryant*, 12th Dist. Warren No. CA2007-02-024, 2008-Ohio-3078, ¶ 39.

statements was a sound trial strategy. *State v. Ford*, 12th Dist. Madison No. CA2019-10-027, 2021-Ohio-782, ¶ 15. We also note that there was sufficient evidence introduced at trial to establish Tucker as the perpetrator. *Tucker*, 2019-Ohio-911 at ¶ 5-27.

**{¶17}** Accordingly, we find that the trial court did not err in denying Tucker's untimely postconviction relief petition. Tucker's sole assignment of error is overruled.

**{¶18}** Judgment affirmed.


S. POWELL, J., concurs. BYRNE, J., concurs in the foregoing opinion except for paragraphs 14 and 15.