[Cite as *State v. Robinson*, 2026-Ohio-2221.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2025-03-026 |
| Appellee, | : | |
| | : | OPINION AND JUDGMENT ENTRY 6/15/2026 |
| vs. | : | |
| ROBBI DAVON ROBINSON, | : | |
| Appellant. | : | |
| | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2023-05-0688


Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Law Office of Roger Kirk, and Roger W. Kirk, for appellant.


## O P I N I O N

**PIPER, P.J.**

{¶ 1} Appellant, Robbi Davon Robinson, appeals his conviction in the Butler County Court of Common Pleas, where a jury found him guilty of one count of aggravated

murder, two counts of aggravated arson, and two counts of felonious assault. He was sentenced to life imprisonment without the possibility of parole, plus an additional indefinite term of eight to 12 years in prison. For the reasons outlined below, we affirm Robinson's conviction.

**Facts and Procedural History**

{¶ 2} On May 17, 2023, the Butler County Grand Jury returned an indictment charging Robinson with the five above-named offenses, which included an attached death penalty specification for the charged aggravated murder offense. The death penalty specification was brought pursuant to R.C. 2929.04(A)(7) as part of an amended superseding indictment filed by the State on June 21, 2023. That statute authorizes the imposition of the death penalty for aggravated murder when the State proves beyond a reasonable doubt that the murder

> was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit … aggravated arson … and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design.

{¶ 3} The charges stemmed from allegations that on the afternoon of May 11, 2023, Robinson entered his father's bedroom on the second floor of his father's Butler County home, where his father's girlfriend, Brenda Scott, was asleep. Once inside, Robinson was alleged to have punched Scott in the face with brass knuckles, knocking out two of Scott's front teeth by the root. Robinson was then alleged to have doused Scott with accelerants and used a Bic lighter to set Scott on fire. As a result of Robinson setting her on fire, Scott suffered severe third-degree burns to her head, torso, and other extremities, which ultimately led to her death in the hospital a few weeks later. Robinson was arraigned on May 19, 2023, and entered a not guilty plea to all five charges.

Robinson's bond was set at $1,000,000.

{¶ 4} On May 22, 2023, Robinson executed an express, written waiver of both his constitutional and statutory speedy-trial rights. The waiver contained no time limit and was of unlimited duration. By executing the waiver, Robinson acknowledged that he had read it in full, understood its consequences, and recognized its effect on his right to a speedy trial, including the deadline by which the State was statutorily required to bring him to trial. One month later, on June 22, 2023, Robinson executed another express, written time waiver. This second waiver was identical to the first, with no time limit and of unlimited duration. The record indicates that, despite filing a litany of other pretrial motions, Robinson never rescinded either time waiver by filing a formal written objection and demand with the trial court that the State bring him to trial.

{¶ 5} On February 5, 2025, the trial court commended the matter for what ultimately became a six-day jury trial. During the trial, the jury heard testimony from 16 witnesses, including Robinson's father, several police officers, paramedics, other first responders, criminalists, fire investigators, and a forensic pathologist. The trial court also admitted approximately 300 exhibits into evidence. These exhibits included numerous crime-scene and autopsy photographs, police cruiser and body-camera footage, and DNA and other expert and laboratory reports. This was in addition to a 9-1-1 recording in which the gravely injured Scott can be heard telling the caller that it was her boyfriend's son, Robinson, who had attacked her and set her on fire on the afternoon of May 11, 2023.

{¶ 6} On February 19, 2025, the jury returned a verdict finding Robinson guilty on all five charges, including the charged aggravated murder offense and the attached death penalty specification. After the jury returned its verdict, the matter proceeded to the sentencing phase, following which the jury returned a unanimous verdict recommending

- 3 -

that the trial court not impose the death penalty and instead sentence Robinson to life imprisonment without the possibility of parole.

{¶ 7} On February 27, 2025, the trial court held a sentencing hearing. At sentencing, following the trial court's merger, the trial court sentenced Robinson to the jury's recommended sentence of life imprisonment without the possibility of parole for the charged aggravated murder offense, plus an additional, indefinite term of eight to 12 years in prison for the single, non-merged charge of felonious assault. The trial court also notified Robinson of his duty to enroll as both a violent and an arson offender, the requisite Reagan Tokes notifications set forth in R.C. 2929.19(B)(2)(c), and the mandatory five-year postrelease control term that he would face should he ever be released from prison.

**Robinson's Appeal and Two Assignments of Error**

{¶ 8} On March 14, 2025, Robinson filed a notice of appeal. At the State's request, oral argument was held before this court on May 11, 2026.[1] Following oral argument, Robinson's appeal was submitted to this court for consideration. Robinson's appeal is now properly before this court for decision. To support his appeal, Robinson has raised two assignments of error for review.

*Robinson's First Assignment of Error*

{¶ 9} TRIAL COUNSEL WAS INEFFECTIVE TO ROBBI'S PREJUDICE FOR FAILING TO FILE A MOTION TO DISMISS BASED UPON A VIOLATION OF HIS CONSTITUTIONAL AND STATUTORY RIGHT TO A SPEEDY TRIAL AND FOR [THE]

---

1. We note that the delay between when Robinson filed his notice of appeal to when this court heard oral argument was due primarily to Robinson's original appellate counsel filing a brief with this court pursuant to *Anders v. California*, 386 U.S. 738 (1967). This court, finding Robinson's appeal was not wholly frivolous within the meaning of *Anders* and our decision in *State v. Lawrence*, 2018-Ohio-3987 (12th Dist.), granted Robinson's original appellate counsel's motion to withdraw and appointed Robinson with new appellate counsel with instructions "to prepare an advocate's brief and pursue the appeal" going forward. *See State v. Robinson*, 12th Dist. Case No. CA2025-03-026 (Oct. 21, 2025) (entry granting Robinson's original appellate counsel's motion to withdraw and appointing new appellate counsel to represent Robinson in his appeal).

FAILURE TO EFFECTIVELY CROSS EXAMINE THE STATE'S WITNESSES.

{¶ 10} In his first assignment of error, Robinson contends that his trial counsel rendered him ineffective assistance. We disagree.

{¶ 11} "The standard by which we review claims of ineffective assistance of counsel is well established." *State v. Carter*, 1995-Ohio-104, ¶ 41. "To establish ineffective assistance, a defendant must show (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant." *State v. Kyles*, 2024-Ohio-998, ¶ 30 (12th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "Courts determine deficient performance by asking whether counsel's conduct 'fell below an objective standard of reasonableness.'" *State v. Smith*, 2024-Ohio-5752, ¶ 7 (12th Dist.), quoting *Strickland* at 688. On the other hand, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. "A defendant's failure to make a sufficient showing of either prong of the *Strickland* inquiry is fatal to his claim of ineffective assistance." *State v. Lloyd*, 2022-Ohio-4259, ¶ 31.

{¶ 12} Robinson initially argues that his trial counsel was ineffective for failing to file a motion to dismiss alleging a violation of his constitutional and statutory speedy-trial rights. However, because Robinson executed two express, written time waivers of unlimited duration waiving both his constitutional and statutory rights to a speedy trial, neither of which the record indicates Robinson ever rescinded by filing a formal objection and demand for the State to bring him to trial, any motion to dismiss that Robinson's trial counsel would have filed alleging a violation of Robinson's speedy-trial rights would have been futile. *See, e.g., State v. Cook*, 2000 Ohio App. LEXIS 1944 (12th Dist. May 8, 2000) (trial court's decision overruling appellant's motion to dismiss alleging a violation of her

statutory right to a speedy trial was affirmed where appellant filed a written time waiver of unlimited duration that was still in effect at the time appellant filed her motion to dismiss given that appellant never rescinded her waiver by filing a formal written objection and demand for the State to bring her to trial). "The law does not require counsel to take a futile act, so trial counsel's failure to file a motion to dismiss was not deficient." *State v. Cottrell*, 2012-Ohio-4583, ¶ 20 (4th Dist.). Robinson's first argument lacks merit.

{¶ 13} Robinson also argues that his trial counsel was ineffective for failing to conduct a full and thorough cross-examination of the State's witnesses who testified against him. "The law in Ohio is clear, however, that 'cross-examination falls within the ambit of trial strategy and does not establish ineffective assistance of counsel.'" *State v. Ford*, 2021-Ohio-782, ¶ 17 (12th Dist.), quoting *State v. Baughn*, 2020-Ohio-5566, ¶ 37 (12th Dist.). That is, "trial counsel's decision to engage, or not engage, in a particular line of questioning is presumed to be the product of sound trial strategy." *State v. Sheldon*, 12th Dist. Brown No. CA2013-12-018, 2014-Ohio-5488, ¶ 43. This court "is not permitted to use the benefit of hindsight to second-guess the strategies of trial counsel." *State v. Walker*, 2010-Ohio-329, ¶ 23 (12th Dist.). "[T]he fact that the trial strategy was ultimately unsuccessful or that there was another possible and better strategy available does not amount to ineffective assistance of counsel." *State v. Murphy*, 12th Dist. Butler No. CA2009-05-128, 2009-Ohio-6745, ¶ 43. Robinson's second argument also lacks merit.

{¶ 14} Accordingly, finding no merit to either of Robinson's arguments raised herein, Robinson's first assignment of error is overruled.

*Robinson's Second Assignment of Error*

{¶ 15} THE TRIAL COURT ERRED TO ROBBI'S PREJUDICE WHEN IT FAILED TO NOTIFY HIM OF ALL OF THE MANDATORY REAGAN TOKES LAW NOTIFICATIONS AT SENTENCING REGARDING COUNT FOUR, FELONIOUS

ASSAULT (FELONY TWO).

{¶ 16} In his second assignment of error, Robinson argues that the trial court erred by failing to notify him of the requisite Reagan Tokes notifications when sentencing him on the single, non-merged charge of felonious assault. The record, however, belies Robinson's claim and instead firmly establishes that the trial court orally notified Robinson of all the mandatory Reagan Tokes notifications at sentencing, as required by R.C. 2929.19(B)(2)(c). The trial court's Reagan Tokes notifications provided to Robinson were, in fact, so complete as to constitute a near-verbatim recitation of the statute. Therefore, finding no merit to Robinson's argument raised herein, Robinson's second assignment of error is also overruled.

## Conclusion

{¶ 17} For the reasons outlined above, and having now overruled both of Robinson's two assigned errors, Robinson's appeal is denied.

{¶ 18} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

## <u>J U D G M E N T   E N T R Y</u>

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robin N. Piper, Presiding Judge*

*/s/ Mike Powell, Judge*

*/s/ Melena S. Siebert, Judge*