[Cite as *State v. Teasley*, 2020-Ohio-4626.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-01-001 |
| | : | O P I N I O N |
| - vs - | | 9/28/2020 |
| | : | |
| PHILIP MICHAEL TEASLEY, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-04-0645

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Christopher P. Frederick, 300 High Street, Suite 550, Hamilton, Ohio 45011, for appellant

**PIPER, J.**

{¶1} Appellant, Philip Teasley, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to aggravated robbery.

{¶2} Along with his co-defendants, Teasley robbed a victim of cash, clothing, and various items of personal property. The victim was beaten, and Teasley aimed a loaded firearm at the victim during the robbery. Teasley was charged with single counts of

aggravated robbery and robbery, as well as an accompanying firearm specification. In exchange for pleading guilty to the aggravated robbery charge, the state dismissed the other charge and firearm specification.

{¶3} After considering a presentence-investigative report, the trial court held a sentencing hearing and sentenced Teasley to an indefinite prison term of seven to ten and one-half years. Teasley now appeals the indefinite nature of this sentence raising two assignments of error.

{¶4} Assignment of Error No. 1:

{¶5} MR. TEASLEY'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO SEPARATION OF POWERS WERE VIOLATED WHEN HE RECEIVED AN INDEFINITE SENTENCE PURSUANT TO S.B. 201.

{¶6} Assignment of Error No. 2:

{¶7} MR. TEASLEY'S FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE VIOLATED WHEN HE WAS SENTENCED TO AN INDEFINITE PRISON TERM PURSUANT TO S.B. 201.

{¶8} Teasley challenges the constitutionality of Ohio's indefinite sentencing structure as set forth in R.C. 2967.271. However, the record demonstrates that Teasley never raised this issue with the trial court.

{¶9} It is well established that the question of the constitutionality of a statute must be raised at the first opportunity and, in a criminal prosecution, this means in the trial court. *State v. Buttery*, Slip Opinion No. 2020-Ohio-2998, ¶ 7. Consequently, by not first raising the issue with the trial court, Teasley's arguments challenging the constitutionality of R.C. 2967.271 are forfeited and will not be heard for the first time on appeal. *See State v. Garcia*, 12th Dist. Madison No. CA2019-11-030, 2020-Ohio-3232, ¶ 19 (appellant's failure to challenge the constitutionality of a statute with the trial court "forfeits the issue and this court

need not address it for the first time on appeal"); *State v. Young*, 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, ¶ 21 (declining to address whether indefinite sentencing is a violation of separation of powers where appellant raised the issue for the first time on appeal rather than in the trial court); and *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8-9 (appellant's failure to challenge the constitutionality of S.B. 201 forfeited the right to challenge its constitutionality on appeal).[1]

{¶10} Having forfeited his constitutional challenge by not first raising the issue with the trial court, Teasley's assignments of error are overruled.

{¶11} Judgment affirmed.

M. POWELL, P.J., and RINGLAND, J., concur.

---

1. Despite Teasley's forfeiture, we note that this court has recently determined that Ohio's indefinite sentencing statute is constitutional. *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837.