[Cite as *State v. Blaylock*, 2021-Ohio-2631.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-11-113 |
| | : | O P I N I O N |
| - vs - | | 8/2/2021 |
| | : | |
| LORIE BLAYLOCK, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-06-0962

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for appellee.

Addison M. Spriggs, Assistant State Public Defender, for appellant.


**S. POWELL, J.**

{¶ 1} Appellant, Lorie Blaylock, appeals her conviction in the Butler County Court of Common Pleas after a jury found her guilty of one count of aggravated possession of drugs. For the reasons outlined below, we affirm.

{¶ 2} On September 11, 2019, the Butler County Grand Jury returned an indictment charging Blaylock with one count of aggravated possession of drugs in violation of R.C.

2925.11(A), a second-degree felony. The matter ultimately proceeded to a two-day jury trial held on March 9 and 10, 2020. At trial, the state presented evidence indicating Blaylock was selling methamphetamine from a Butler County residence at the behest for another individual, Joel Quincy, while Quincy was at work. Following deliberations, the jury returned a verdict finding Blaylock guilty as charged.

{¶ 3} On April 23, 2020, the trial court held a sentencing hearing. During this hearing, Quincy interrupted the proceedings and stated, "I didn't get to testify," but "I know [Blaylock] didn't do it." Despite Quincy's protestations, the trial court nevertheless sentenced Blaylock pursuant to the Reagan Tokes Law, Ohio's indefinite sentencing structure as set forth in R.C. 2967.271, to an indefinite mandatory term of a minimum of four years in prison to a maximum of six years in prison. There is no dispute that Blaylock did not raise any challenge to the constitutionality of the Reagan Tokes Law with the trial court either before, during, or after the trial court issued its sentencing decision.

{¶ 4} Blaylock now appeals her conviction, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} BECAUSE THE REAGAN TOKES ACT VIOLATES THE OHIO AND UNITED STATES CONSTITUTIONS, MS. BLAYLOCK'S SENTENCE IS CONTRARY TO LAW.

{¶ 7} In her first assignment of error, Blaylock challenges the constitutionality the Reagan Tokes Law, Ohio's indefinite sentencing structure as set forth in R.C. 2967.271. However, as noted above, Blaylock never raised this issue with the trial court either before, during, or after the trial court issued its sentencing decision. As this court has now repeatedly held, arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not first raise the issue with the trial court. *See, e.g., State v. Hodgkin*, 12th Dist. Warren

No. CA2020-08-048, 2021-Ohio-1353, ¶ 11 (appellant's arguments challenging the constitutionality of the Reagan Tokes Law were forfeited and this court declined to hear them for the first time on appeal where appellant did not first raise the issue with the trial court); *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9 (appellant's arguments challenging the constitutionality of the Reagan Tokes Law were forfeited and this court declined to hear them for the first time on appeal where appellant did not first raise the issue with the trial court); and *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8-9 (appellant's arguments challenging the constitutionality of the Reagan Tokes Law were forfeited and this court declined to hear them for the first time on appeal where appellant did not first raise the issue with the trial court). Therefore, given this court's precedent declining to hear any arguments challenging the constitutionality of the Reagan Tokes Law in cases where the issue was not first raised with the trial court, Blaylock's first assignment of error is overruled.[1]

{¶ 8} Assignment of Error No. 2:

{¶ 9} LORIE BLAYLOCK WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 10} In her second assignment of error, Blaylock argues she received ineffective assistance of trial counsel. We disagree.

{¶ 11} "To prevail on an ineffective assistance of counsel claim, an appellant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct.

---

1. We note that even if Blaylock had not forfeited her challenge to the constitutionality of the Reagan Tokes Law, this court has already determined that the Reagan Tokes Law does not run afoul of an offender's due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution. *State v. Jackson*, 12th Dist. Butler No. CA2020-07-077, 2021-Ohio-778, ¶ 15; *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103, ¶ 10; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17. This court has also determined that the Reagan Tokes Law does not violate the separation-of-powers doctrine. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25. The same is true as it relates to a challenge alleging the Reagan Tokes Law impinges on an offender's constitutional right to a jury. *State v. Singh*, 12th Dist. Warren No. CA2020-09-056, 2021-Ohio-2158, ¶ 52-54.

2052 (1984)." *State v. Ford*, 12th Dist. Madison No. CA2019-10-027, 2021-Ohio-782, ¶ 13. "[U]nder *Strickland*, in order to prevail on a claim that counsel was ineffective, a criminal defendant must show (1) that his [or her] counsel's performance was deficient and (2) that that performance prejudiced him [or her]." *State v. Simpson*, Slip Opinion No. 2020-Ohio-6719, ¶ 18, citing *Strickland* at 687. To that end, in order for Blaylock to establish she received ineffective assistance in this case, Blaylock must "(1) show that [her trial] counsel's performance 'fell below an objective standard of reasonableness' as determined by 'prevailing professional norms' and (2) demonstrate 'a reasonable probability that, but for [her trial] counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Graham*, Slip Opinion No. 2020-Ohio-6700 at ¶ 46, quoting *Strickland* at 688; and citing *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "The failure to make an adequate showing on either prong is fatal to an ineffective assistance of counsel claim." *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 54, citing *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 50.

{¶ 12} Blaylock argues she received ineffective assistance because her trial counsel failed to present a "complete defense" on her behalf by not filing "any subpoenas," "any reciprocal discovery," or "submit a witness list to the state." To support this claim, Blaylock cites to Quincy's statements made at sentencing, wherein, as noted above, Quincy interrupted the proceedings and stated, "I didn't get to testify," but "I know [Blaylock] didn't do it." Given these statements, Blaylock argues it is "likely" that Quincy "would have testified if subpoenaed," which would have allowed Quincy to testify at trial as to how he knew Blaylock "didn't do this." Blaylock's argument, however, is purely speculative as to what Quincy's testimony *might* have disclosed had he been called to testify. That is to say, while Blaylock believes Quincy's testimony would have been helpful to her defense, Quincy's

testimony could have just as easily aided the state in proving its case against her. "Mere speculation and unsupported suggestions of what might have been established," such as Blaylock's argument here, "does not demonstrate counsel's deficient performance nor the prejudice required to support an ineffective assistance of counsel claim." *State v. Gazaway*, 12th Dist. Butler CA2018-12-236, 2019-Ohio-5164, ¶ 51.

{¶ 13} The same holds true as it relates to Blaylock's arguments challenging her trial counsel's decision on what defense strategy should be employed at trial. *State v. Baughn*, 12th Dist. Clermont No. CA2020-04-020, 2020-Ohio-5566, ¶ 34 ("[t]he decision regarding which defense to pursue at trial is a matter of trial strategy, and trial strategy decisions are not the basis of a finding of ineffective assistance of counsel"), citing *State v. Murphy*, 91 Ohio St.3d 516, 524 (2001). This applies even in cases where the trial strategy used was ultimately unsuccessful and where there was another possible and better trial strategy available. *State v. Murphy*, 12th Dist. Butler No. CA2009-05-128, 2009-Ohio-6745, ¶ 43 ("the fact that the trial strategy was ultimately unsuccessful or that there was another possible and better strategy available does not amount to ineffective assistance of counsel"). This would include, for instance, Blaylock's trial counsel's decision whether to call Quincy as a witness in her defense. *State v. Jones*, 12th Dist. Butler No. CA2004-06-144, 2005-Ohio-3887, ¶ 15 ("[i]n general, the decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court"), citing *State v. Williams*, 99 Ohio St.3d 493, 2003-Ohio-4396, ¶ 125-127. Therefore, finding no merit to any of the arguments raised herein, Blaylock's second assignment of error lacks merit and is overruled.

{¶ 14} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.