[Cite as *State v. Jividen*, 2021-Ohio-2720.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2020-10-067 |
| Appellee, | : | O P I N I O N |
| | : | 8/9/2021 |
| - vs - | : | |
| | : | |
| JESSE DAVID JIVIDEN, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR36528

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Engel & Martin, LLC, and Mary K. Martin, for appellant.

**M. POWELL, P.J.**

{¶ 1}   Appellant, Jesse David Jividen, appeals his conviction in the Warren County Court of Common Pleas for aggravated robbery with a firearm specification and petty theft.

{¶ 2}   Appellant was indicted in March 2020 on two counts of aggravated robbery, each with a firearm specification, one count of aggravated burglary with a firearm specification, four counts of felony theft, and three counts of petty theft.  The state alleged

that appellant embarked on a crime spree in Mason, Ohio on January 14, 2020, that ended with the robbery at gunpoint of Brendan Basford, an Uber driver, and the theft of $143 from Basford's wallet.

{¶ 3} Appellant waived his right to a jury trial and the matter proceeded to a bench trial. As pertinent to this appeal, Basford, Detective Jeff Wyss, and Laurabeth Lawhorn and Alysa Monjar, two friends of appellant, testified on behalf of the state. Appellant did not testify or present witnesses on his behalf. At trial, Basford did not identify appellant as the individual who robbed him. The trial court found appellant guilty of aggravated robbery with a firearm specification and petty theft for the robbery of Basford and acquitted appellant of the remaining charges. The trial court merged the petty theft offense into the aggravated robbery offense and sentenced appellant to an indefinite prison term of seven to ten-and-one-half years for the aggravated robbery, with an additional, mandatory, and consecutive three years in prison on the accompanying firearm specification, for a total, aggregate prison term of 10 to 13-and-one-half years in prison. The trial court further ordered appellant to pay $143 in restitution to Basford.

{¶ 4} Appellant now appeals his conviction and sentence, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE VERDICT WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE AS THE STATE FAILED TO ESTABLISH THE IDENTITY OF THE INDIVIDUAL WHO COMMITTED THE AGGRAVATED ROBBERY ALONG WITH THE SPECIFICATION AND THE THEFT OFFENSE AS LISTED IN COUNTS NINE AND TEN.

{¶ 7} Appellant argues that his conviction for aggravated robbery with a firearm specification and petty theft is not supported by sufficient evidence and is against the manifest weight of the evidence because the state failed to prove he was the individual who

robbed Basford at gunpoint and took $143 from Basford's wallet. Specifically, appellant asserts that Basford never identified him as the robber at trial or during a photo lineup, no other witness identified appellant as the robber, and the firearm used in the robbery was never recovered.[1]

{¶ 8} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 9} To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66.

{¶ 10} In reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and determine the weight to be given to the evidence. *State v. Singh*, 12th Dist. Warren No. CA2020-09-056, 2021-Ohio-2158, ¶ 29. An appellate court will overturn a conviction due to the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily

---

1. At the time of the photo lineup, Detective Wyss had not yet identified appellant as a possible suspect. Appellant concedes his photograph was not included in the photo lineup provided to Basford.

against the conviction. *Id.* A determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency. *State v. Harner*, 12th Dist. Brown No. CA2019-10-012, 2020-Ohio-3071, ¶ 12.

{¶ 11} The sole issue in this case was the identity of the individual who robbed Basford. It is well settled that in order to warrant a conviction, the evidence must establish beyond a reasonable doubt the identity of the accused as the person who committed the crime at issue. *Id.* at ¶ 13. There is no requirement that an accused must be identified as the perpetrator by a witness testifying in court or during a photo lineup. *State v. Brown*, 8th Dist. Cuyahoga No. 98881, 2013-Ohio-2690, ¶ 30. The identity of the accused as the perpetrator of the crime may be established by direct or circumstantial evidence. *Harner* at ¶ 13. Circumstantial and direct evidence have the same probative value. *State v. Lee*, 12th Dist. Fayette Nos. CA2020-09-014 and CA2020-09-015, 2021-Ohio-2544, ¶ 25.

{¶ 12} Upon reviewing the record, we find that appellant's conviction for aggravated robbery with a firearm specification and petty theft is supported by sufficient evidence and is not against the manifest weight of the evidence. Though the state's case was based on circumstantial evidence, the state presented ample evidence that appellant was the male Uber rider who robbed Basford at gunpoint and took money from his wallet on January 14, 2020.

{¶ 13} Basford testified that on January 14, 2020, at 9:48 p.m., he received a notification on the Uber app that an individual named "Victor" was at the Twin Fountains Apartments complex in Mason, Ohio and wanted a ride. Basford responded and picked up the rider. The record shows that Basford picked up the rider at 5826 West Fountain Circle Drive. Basford described the rider as an 18-to-20-year-old white male with a thinner build, and wearing black jeans, a black hoodie with the hood covering the rider's hair and ears, and a black or dark colored backpack. The original destination of the ride was an address

on Wright Street in Newtonsville, Ohio. The record shows that appellant's cousin lived on Wright Street on January 14, 2020. Upon arriving in Newtonsville, the rider changed the destination to a different address, a ranch-style house that was dark and looked "semi-abandoned," located on Newtonsville Road in Goshen, Ohio. The original and final destinations are less than a mile apart.

{¶ 14} Upon arriving at the ranch-style house, Basford turned around to wish the rider "good night." The rider was now wearing a black ski mask and was pointing a firearm at him. Basford testified he was scared but able to identify the firearm as a black .38 revolver. The rider demanded Basford's wallet and cellphone. Basford handed both over. The wallet had $143 in cash. Basford eventually dropped off the rider who then returned the cellphone and wallet, minus the $143, to Basford. The rider ran off between two houses; Basford drove off and called 9-1-1.

{¶ 15} In addition to Basford's testimony, the state presented evidence that appellant stayed at the apartment of his friends Lawhorn and Monjar between January 11, 2020, and January 14, 2020. The apartment is in the Twin Fountains Apartments complex, located at 5834 West Fountain Circle Drive, next to where Basford picked up the rider. A maintenance supervisor employed by the apartment complex and whose apartment was located across the street from the women's apartment, testified that between 9:30 p.m. and 10:00 p.m. on January 14, 2020, he observed an individual exit the building where the two women resided. The individual was a skinny 18-to-20-year old white male wearing dark clothing with his hood up, thereby matching the description of the man who robbed Basford.

{¶ 16} Lawhorn and Monjar both testified that appellant only wore one outfit while he stayed at their apartment between January 11, 2020, and January 14, 2020, to wit, black jeans, a gray shirt, and a black hoodie. Monjar further testified that appellant told her that weekend, "I always have my gun on my side." While Monjar never saw the weapon, she

felt a firearm on appellant's waistband when she hugged him on the night he took an Uber ride.

{¶ 17} Upon learning about the robbery of Basford, Lawhorn and Monjar separately asked appellant if he had anything to do with it. Appellant denied robbing Basford, stating, "there's nothing for you to worry about, nothing happened. It's fine," and "everything is cool." Following the women's inquiry, appellant deleted his Facebook account and then made a fake Facebook account with a different name and no profile photograph. Monjar testified that while appellant denied robbing Basford, his tone of voice betrayed his denial.

{¶ 18} The state also presented evidence that while the Uber notification to Basford came from the Uber account of Victor Graves, an African-American friend of appellant, appellant was known to use Graves' Uber account. Furthermore, a debit card associated with the Uber account and used to pay the January 14, 2020 Uber ride provided by Basford was associated with a U.S. Bank account belonging to appellant. The debit card was used in a U.D.F. store on January 13, 2020, around 4:30 p.m.; appellant can be seen on the store's surveillance video on that day at that time.

{¶ 19} Finally, the state presented evidence that appellant lived with a couple in December 2019 and that after appellant moved out of the couple's residence, an empty gun case was found in his former bedroom amongst his belongings.

{¶ 20} The fact that appellant was not identified in court or during the photo lineup as the man who robbed Basford does not, in and of itself, warrant a conclusion that the verdict was based on insufficient evidence or was against the manifest weight of the evidence. *Brown*, 2013-Ohio-2690 at ¶ 30. The fact that the firearm was not fired or recovered did not preclude appellant's conviction, as the firearm specification was proven by circumstantial evidence. *See State v. Williams*, 8th Dist. Cuyahoga No. 83920, 2004-Ohio-5602.

{¶ 21} In light of the foregoing, we find that the evidence presented at trial does not weigh heavily in favor of acquittal and that the trial court did not clearly lose its way and create a manifest miscarriage of justice in finding appellant guilty of aggravated robbery with a firearm specification and petty theft. Appellant's conviction for aggravated robbery with a firearm specification and petty theft is therefore supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶ 22} Appellant's first assignment of error is overruled.

{¶ 23} Assignment of Error No. 2:

{¶ 24} AS AMENDED BY THE REAGAN TOKES ACT, OHIO REVISED SECTION 2929.14(A)(1)(a) AND (A)(2)(a) AS APPLIED TO APPELLANT VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO, THUS MAKING APPELLANT'S SENTENCE UNCONSTITUTIONAL.

{¶ 25} Appellant challenges the constitutionality of Ohio's indefinite sentencing structure under the Reagan Tokes Law as set forth in R.C. 2967.271. Appellant argues that the Reagan Tokes Law is unconstitutional because it impinges on his constitutional right to a jury and violates the Equal Protection and Due Process Clauses, as well as the separation of powers doctrine. However, appellant did not raise these arguments to the trial court and has thus forfeited his constitutional challenges on appeal. *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 11; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9.

{¶ 26} Appellant's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.