[Cite as *State v. Hibbard*, 2023-Ohio-983.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-09-086 |
| | : | O P I N I O N |
| - vs - | | 3/27/2023 |
| | : | |
| JEFFREY LYNN HIBBARD, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-05-0605


Michael T. Gmoser, Butler County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee.

The Law Office of Wendy R. Calaway, Co., LPA, and Wendy R. Calaway, for appellant.


**M. POWELL, J.**

{¶ 1} Appellant, Jeffrey Lynn Hibbard, appeals his conviction in the Butler County Court of Common Pleas for burglary.

{¶ 2} Michael Peters lives alone in a house located at the corner of two streets in Hamilton, Ohio. One of the streets is McKinley Avenue. One can enter the home through

a backdoor hidden by a lattice fence on McKinley Avenue. The backdoor opens into the kitchen. On April 5, 2022, at approximately 12:30 p.m., Peters left his home to drive a neighbor and her pet to a veterinary appointment; the errand took approximately two hours. While he was gone, someone burglarized his home. The burglar gained entry into the home by breaking the plexiglass pane of the backdoor. The house was ransacked; Peters' kitchen garbage bag was emptied onto the kitchen floor. Police investigation revealed that the black garbage bag and a white and blue pillowcase with a distinctive zigzag pattern were missing from Peters' home. Other missing items included two computer tablets, baseball gloves, collectible baseball "bobble heads," and other sports memorabilia.

{¶ 3} Appellant was known to Peters from having done odd jobs for him at his home. Following the burglary, Peters' son talked to nearby neighbors and appellant was identified as a suspect. Around 9:00 p.m. on the day of the burglary, the police officer who was dispatched earlier to Peters' home met with Peters' son at a local gas station where he took three photographs of appellant. The photographs depict appellant wearing a black t-shirt with a prominent red and grey Choppers design on the front and a distinctive black leather vest or jacket. The jacket has four clasps on one side but only three buttons on the other side.

{¶ 4} The detective assigned to the case reviewed surveillance videos from security cameras in the vicinity of Peters' home. The videos depict a man entering Peters' house through the backdoor, remaining inside for 15 minutes, and then leaving carrying a black bag and a pillowcase. "Still shots" of the man were taken from the videos. They depict a man wearing a distinctive dark vest, sporting a tattoo visible on his right wrist, and carrying a black bag and a pillowcase with a zigzag pattern. The pillowcase appears to contain several rectangular objects. Based upon the similarity of the still shots to the photographs taken of appellant at the gas station, appellant was arrested. When arrested, appellant was

- 2 -

in possession of a black leather vest matching the jacket he was wearing at the gas station and that of the burglar as depicted in the videos and still shots. Appellant also had a barbed-wire tattoo on his right wrist. Police questioned appellant concerning the burglary and showed him a still shot of the burglar walking away from Peters' home with the black bag and pillowcase. Appellant denied that it was him in the still shot. However, during a recorded jail-telephone call, appellant admitted to his mother that he was the man depicted in the still shot.

{¶ 5} On June 1, 2022, appellant was indicted on one count of second-degree felony burglary. The matter proceeded to a jury trial. Peters, the police officer, and the detective testified on behalf of the state. Appellant did not testify or present witnesses on his behalf. On August 2, 2022, the jury found appellant guilty as charged.

{¶ 6} Appellant appeals his conviction, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED IN CONVICTING APPELLANT BASED ON INSUFFICIENT EVIDENCE AND IN CONVICTING HIM AGAINST THE MANIFEST WEIGHT OF EVIDENCE IN VIOLATION OF THE FOURTEENTH AMENDMENT.

{¶ 8} Appellant argues that his burglary conviction is not supported by sufficient evidence and is against the manifest weight of the evidence because the state failed to prove (1) that someone was likely to be present in the victim's home during the burglary, and (2) that appellant broke into the victim's home.

{¶ 9} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Bradbury*, 12th Dist. Butler No. CA2015-06-111, 2016-Ohio-5091, ¶ 16. The "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 10} To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Bradbury* at ¶ 17. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *Id.* at ¶ 18. "[A] determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *State v. Davis*, 12th Dist. Butler No. CA2010-06-143, 2011-Ohio-2207, ¶ 40.

{¶ 11} Appellant was convicted of burglary in violation of R.C. 2911.12(A)(2), which provides that "[n]o person, by force, stealth, or deception, shall [t]respass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

### Likely to Be Present

{¶ 12} Appellant argues the state failed to prove that someone was likely to be present in Peters' home during the burglary.

{¶ 13} In determining whether persons are likely to be present under R.C. 2911.12(A)(2), a defendant's knowledge is not material. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 21. The issue is not whether the burglar subjectively believed that persons were likely to be there, but whether it was objectively likely. *Id.* Although the term "likely" connotes something more than a mere possibility, it also connotes

- 4 -

something less than a probability or reasonable certainty. *Id.*[1] A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present. *Id.*

{¶ 14} The Ohio Supreme Court has held that the "likely to be present" element is satisfied where the structure is a permanent dwelling house which is regularly inhabited, the occupants were in and out of the house on the day in question, and the occupants were temporarily absent when the burglary occurred. *State v. Kilby*, 50 Ohio St.2d 21, 23 (1977). On the other hand, courts have found insufficient evidence that the occupants were likely to be present when they were absent for an extended period, such as a vacation, and no one else was regularly checking on the house. *See, e.g., State v. Hibbard*, 12th Dist. Butler Nos. CA2001-12-276 and CA2001-12-286, 2003-Ohio-707; *State v. Cantin*, 132 Ohio App.3d 808 (8th Dist.1999); and *State v. Brightman*, 2d Dist. Montgomery No. 20344, 2005-Ohio-3173.

{¶ 15} The fact that a permanent or temporary habitation has been burglarized does not give rise to the presumption that a person was present or likely to be present. *Petit*, 2017-Ohio-633 at ¶ 23; *State v. Fowler*, 4 Ohio St.3d 16, 18-19 (1983). Likewise, "[t]he fact that a dwelling is used as a residence is not, standing alone, sufficient to show that someone is 'likely to be present' at the time of a burglary." *State v. Jackson*, 188 Ohio App.3d 803, 2010-Ohio-1846, ¶ 9 (4th Dist.). The state must adduce specific evidence that people were present or likely to be present. *Petit* at ¶ 23.

---

1. In his brief, appellant asserts that "there must be a greater than 50% likelihood that someone will be in the dwelling at the time of the burglary," and cites *In re Meatchem*, 1st Dist. Hamilton No. C-050291, 2006-Ohio-4128, ¶ 17, in support. In addition to the First District Court of Appeals, this proposition has been cited by the Fourth and Sixth Districts Courts of Appeals. *See, e.g., State v. Bennington*, 4th Dist. Adams No. 18CA1078, 2019-Ohio-4386; *In re D.P.*, 6th Dist. Lucas No. L-10-1054, 2011-Ohio-285. Although we have cited *In re Meatchem* in two of our opinions, we have never cited it for the proposition above. We decline to follow or adopt the First District's statement that for purposes of R.C. 2911.12(A)(2), there must be "a greater than 50% likelihood that someone will be in the dwelling at the time of the burglary."

{¶ 16} Peters, a 64-year-old retired man, testified he has lived in his home for over 30 years and that the house is his permanent habitation. Peters testified that he is home most days and that he is "in and out" of his home most days. In support of his argument, appellant relies heavily on Peters' testimony that whenever his car is not parked in front of his house, that means he is not home. However, Peters testified that while he generally parks his car in front of his house, he sometimes parks it on a side street. Regardless, the fact that a victim's car is not parked in front of or nearby the victim's residence does not necessarily mean that the victim is not likely to be present in the residence. The victim's car could be at a car dealership or mechanic's garage for repairs. The evidence further shows that Peters had temporarily left his house to help a neighbor when the burglary occurred.

{¶ 17} Based upon Peters' testimony, we find that the state presented sufficient evidence that Peters' home was his permanent habitation where he was likely to be present when the burglary occurred. *Kilby*, 50 Ohio St.2d 21; *State v. Baker*, 12th Dist. Butler No. CA2003-01-016, 2003-Ohio-5986 (likely to be present element satisfied where occupant was a retiree with no fixed schedule who was away from his home for about two hours to have lunch with his daughter); *State v. Beverly*, 2d Dist. Clark No. 2005 CA 85, 2007-Ohio-1028 (likely to be present element satisfied where occupants were away from the house for approximately 90 minutes during the evening); *State v. Rogers*, 11th Dist. Lake No. 2018-L-119, 2019-Ohio-4834 (likely to be present element satisfied where occupant had temporarily left the house to run errands).

{¶ 18} We further conclude that the manifest weight of the evidence supports the jury's conclusion that Peters was likely to be present in his home during the burglary. *See State v. V.A.C.*, 12th Dist. Warren No. CA2017-01-011, 2017-Ohio-5779. Peters was the only witness who testified as to the "likely to be present" element in R.C. 2911.12(A)(2), and

as discussed above, his testimony was sufficient to prove the "likely to be present" element. *Baker* at ¶ 22. Appellant did not present evidence at trial to contradict Peters' testimony and there was no other testimony presented relevant to the "likely to be present" element. *Id.*

### Identity of the Burglar

{¶ 19} Appellant further argues the state failed to prove he was the individual who broke into Peters' house. Specifically, appellant asserts there was no physical evidence tying him to the burglary such as fingerprints or DNA, Peters had identified three white men in the area that may have been people of interest, one cannot see the face of the man depicted in the surveillance videos and still shots, and appellant denied breaking into Peters' home, stating he had found the bags he was carrying in the garbage.

{¶ 20} It is well settled that in order to warrant a conviction, the evidence must establish beyond a reasonable doubt the identity of the accused as the person who committed the crime at issue. *State v. Jividen*, 12th Dist. Warren No. CA2020-10-067, 2021-Ohio-2720, ¶ 11. There is no requirement that an accused must be identified as the perpetrator by a witness testifying in court or during a photo lineup. *Id.* The identity of the accused as the perpetrator of the crime may be established by direct or circumstantial evidence. *Id.* Circumstantial and direct evidence have the same probative value. *State v. Lee*, 12th Dist. Fayette Nos. CA2020-09-014 and CA2020-09-015, 2021-Ohio-2544, ¶ 25.

{¶ 21} Upon reviewing the record, we find that appellant's conviction for burglary is supported by sufficient evidence and is not against the manifest weight of the evidence. Though the state's case was based on circumstantial evidence, the state presented ample evidence that appellant was the man who broke into Peters' home and stole several items on April 5, 2022.

{¶ 22} Peters testified he told police he saw three white men walking up the street

when he left his house at 12:30 p.m. The officer dispatched to Peters' home confirmed that Peters mentioned the three men to him but testified that Peters also stated he did not know if the three men were related to the burglary. The state presented evidence that a black garbage bag was missing from Peters' kitchen and that a white and blue pillowcase with a distinctive zigzag pattern was missing from one of Peters' bedroom pillows. The state further presented surveillance videos from security cameras in the vicinity of Peters' home as well as still shots taken from the videos.

{¶ 23} The videos and still shots depict a man wearing a black t-shirt with a prominent red and grey design on the front and a black leather vest, and sporting a tattoo on his right wrist. The t-shirt and vest are very similar if not identical to the t-shirt and vest/jacket worn by appellant on April 5, 2022, as depicted in the photographs taken of appellant at the gas station. When arrested, appellant was in possession of a black leather vest matching that of the burglar as depicted in the videos and still shots. A photo taken of appellant after his arrest clearly shows a barbed-wire tattoo on his right wrist. Before the burglary, Peters had a black garbage bag in his kitchen and two pillows on his bed with matching pillowcases; after the burglary, the garbage bag and one of the pillowcases were missing. The post-burglary videos and still shots show the man carrying a black garbage bag and a white and blue pillowcase with a zigzag pattern identical to the other pillowcase in Peters' bedroom.

{¶ 24} Combined together, the videos show the man walking on McKinley Avenue past Peters' house, checking out an approaching car, crossing McKinley Avenue and continuing to walk before turning back, recrossing McKinley Avenue next to Peters' house, going behind the lattice fence where the backdoor of Peters' house is, remaining out of view for 15 minutes, and finally emerging from behind the lattice fence with the black bag and pillowcase. During a jail-telephone call to his mother, appellant admitted he was the man depicted in the post-burglary still shot. Appellant was wearing a baseball cap in the videos

which obscured his face. However, the jury was able to view the videos, look at appellant, and determine for itself whether appellant was the man depicted in the videos and still shots. *State v. Littlejohn*, 8th Dist. Cuyahoga No. 101549, 2015-Ohio-875, ¶ 33.

{¶ 25} In light of the foregoing, we find that the evidence presented at trial does not weigh heavily in favor of acquittal and that the jury did not clearly lose its way and create a manifest miscarriage of justice in finding appellant guilty of burglary. Appellant's burglary conviction is therefore supported by sufficient evidence and is not against the manifest weight of the evidence.

{¶ 26} Appellant's assignment of error is overruled.

{¶ 27} Judgment affirmed.


S. POWELL, P.J., and BYRNE, J., concur.