[Cite as *State v. Keeton*, 2023-Ohio-2520.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-11-106 |
| | : | O P I N I O N |
| - vs - | | 7/24/2023 |
| | : | |
| JERRY C. KEETON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2022-05-0658


Engel & Martin, LLC, and Mary K. Martin, for appellant.

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.


**PIPER, J.**

{¶ 1} Appellant, Jerry C. Keeton, appeals his conviction after a jury trial in the Butler County Court of Common Pleas for aggravated burglary, in violation of R.C. 2911.11(A)(2), with a firearm specification pursuant to R.C. 2941.141. For the reasons discussed below, we affirm Keeton's conviction.

{¶ 2} On April 26, 2022 at 5:30 p.m., Steven Hetzer was home when he heard a

"noise" followed by a "louder noise" coming from his guest bedroom. When he opened the bedroom door to investigate, he noticed a gun case on the floor and then discovered a man, leaning into the closet, wearing a headlamp, and holding a rifle taken from Hetzer's collection. This intruder was later identified as Keeton.

{¶ 3} Hetzer asked Keeton what he was doing, and Keeton then turned to face Hetzer and said "they told me. . . they told me. . .." Hetzer grabbed a heavy saucepan to defend himself with and yelled at Keeton to get out of his house. After a brief physical struggle, Keeton jumped out the window and ran away, leaving behind his backpack and a pink flashlight. Hetzer then called 9-1-1.

{¶ 4} Officer Jamie Patterson of the Middletown Police Department was dispatched to Hetzer's residence upon a report of an "active burglary." Hetzer described the intruder to Officer Patterson as a white male with a scruffy face, wearing blue jeans, a gray tank top, and a flashlight around his head. Officer Patterson also saw the flashlight and backpack the intruder left behind. She immediately realized that Hetzer's description and these items matched a person she had interacted with just 24 hours before, only two and one-half blocks from Hetzer's residence. Officer Patterson told Hetzer the description matched a man named Jerry Keeton, and a few days later Hetzer did an online search with the name Jerry Keeton and confirmed that it was the same person who had broken into his home.

{¶ 5} At trial, the state presented testimony from Hetzer and Officer Patterson. Hetzer once again identified Keeton as the perpetrator in court and explained how he had searched Keeton's name online and recognized him. Keeton presented no witnesses or evidence. The jury found Keeton guilty of the aggravated burglary charge, with a firearm specification. Pursuant to the Reagan Tokes Law, the trial court sentenced Keeton to an indefinite sentence of five to seven and one-half years in prison for the aggravated burglary, and a mandatory consecutive one-year term for the firearm specification.

{¶ 6} Keeton appealed his conviction, raising two assignments of error for our review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} APPELLANT'S CONVICTION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} In his first assignment of error, Keeton claims his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.

{¶ 10} Keeton contends there was insufficient evidence to link him to the burglary or to indicate that he had a firearm in his possession. First, Keeton argues Hetzer's identification was not credible because Hetzer did not know Keeton's name until Officer Patterson told him, and because Hetzer identified Keeton through his own internet search rather than in a suspect lineup. Second, Keeton argues there was insufficient evidence that he was in possession of a firearm, as there were no pictures of the firearm's case referenced by Hetzer, no fingerprints were taken from the case or firearm, and Hetzer did not mention the firearm in his 9-1-1 call.

{¶ 11} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In other words, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v.*

- 3 -

*Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. When evaluating the sufficiency of the evidence, this court must "defer to the trier of fact on questions of credibility and the weight assigned to the evidence." *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 132.

{¶ 12} On the other hand, a manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34. An appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio- 818, ¶ 43.

{¶ 13} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). Nevertheless, although the two concepts are different, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. Therefore, "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding

of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

### *Identity*

{¶ 14} Keeton first argues the State failed to establish the identity of the perpetrator. Keeton contends that Hetzer only identified him as the perpetrator because Officer Patterson told Hetzer she believed his description matched Keeton, and because she gave Hetzer Keeton's name, thereby causing Hetzer to be biased. Instead, Keeton argues that the police should have conducted a suspect lineup or some other method for Hetzer to identify the perpetrator. We disagree.

{¶ 15} It is well settled that "in order to warrant a conviction, the evidence must establish beyond a reasonable doubt the identity of the accused as the person who committed the crime at issue." *State v. Jividen*, 12th Dist. Warren No. CA2020-10-067, 2021-Ohio-2720, ¶ 11, citing *State v. Harner*, 12th Dist. Brown No. CA2019-10-012, 2020-Ohio-3071, ¶ 13. However, there is no requirement that an accused must be identified as the perpetrator by a witness testifying in court or during a photo lineup. *Jividen* at ¶ 11, citing *State v. Brown*, 8th Dist. Cuyahoga No. 98881, 2013-Ohio-2690, ¶ 30. The identity of the accused as the perpetrator of the crime may be established by direct or circumstantial evidence. *Harner* at ¶ 13. Circumstantial and direct evidence have the same probative value. *State v. Lee*, 12th Dist. Fayette Nos. CA2020-09-014 and CA2020-09-015, 2021-Ohio-2544, ¶ 25.

{¶ 16} As this court has previously explained, "Out-of-court identifications which are unduly suggestive are viewed with disfavor and prohibited from admission into evidence since 'they increase the likelihood of misidentification.'" *State v. Price*, 12th Dist. Fayette No. CA89-01-002, 1989 Ohio App. LEXIS 3087 (August 7, 1989), *4, quoting *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375 (1972). Where an identification is unduly suggestive, a defendant will ordinarily file a motion to suppress the identification testimony

prior to trial. Crim.R. 12(C). "Where a motion to suppress identification testimony is not filed, or where no objections are raised regarding the court room identification, '[any] error in the admission of evidence is waived unless there was plain error.'" *State v. Andrews*, 12th Dist. No. CA2009-02-052, 2010-Ohio-108, ¶ 10, quoting *State v. Curtis*, 54 Ohio St.2d 128, 134-135 (1978).

{¶ 17} Here, Keeton did not file a motion to suppress, and makes no argument on appeal that Hetzer's identification was inadmissible. Therefore, we only analyze Hetzer's identification testimony as to the sufficiency and manifest weight of the evidence in Keeton's conviction. Although the use of some identification procedure such as a photographic or in-person lineup might avoid the risk that evidence be excluded as unreliable, such procedures are not mandatory, and any "defect, if there be one, goes to weight and not to substance." *Manson v. Brathwaite*, 432 U.S. 98, 117, 97 S.Ct. 2243 (1977); *see also State v. Jells* (1990), 53 Ohio St.3d 22, 26-27.

{¶ 18} In the present case, the state was able to establish the identity of the perpetrator through Hetzer's eyewitness testimony, as well as through Keeton's distinctive backpack and flashlight which were recovered from the scene. Hetzer testified he had a clear view of Keeton in his home, in normal lighting, from only a few feet away. Hetzer provided a consistent physical description of Keeton to the police, first during the 9-1-1 call, and then to Officer Patterson. Officer Patterson testified that she recognized Hetzer's description of the burglar as matching Keeton, whom she encountered only one day before, wearing the same clothing and possessing the same pink flashlight and distinctive gray backpack found in Hetzer's yard. After Hetzer heard Keeton's name from Officer Patterson, he did an online search on his own a few days later and confirmed that Keeton was the person who broke into his home. Although Hetzer heard Keeton's name from Officer Patterson, he was not otherwise pressured or influenced in identifying Keeton. Therefore,

we find there was sufficient evidence to establish Keeton as the perpetrator, and the jury did not clearly lose its way in finding Keeton was the perpetrator.

### *Possession of the Firearm*

{¶ 19} Keeton next contends there was insufficient evidence that he was in possession of a firearm because there were no pictures of the firearm's case referenced by Hetzer, no fingerprints were taken from the case or firearm, and Hetzer did not mention the firearm in his 9-1-1 call. We disagree.

{¶ 20} Keeton essentially argues that the state's evidence could have and should have been better than it was. Even if that were true, "the state need only have had sufficient evidence, not the best possible evidence, to survive a challenge on insufficiency grounds." *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 166. "Physical evidence is not required to sustain a conviction; rather, 'the testimony of one witness, if believed by the jury, is enough to support a conviction.'" *State v. Cook*, 12th Dist. Butler No. CA2022-02-016, 2023-Ohio-256, ¶ 31, quoting *State v. Poindexter*, 10th Dist. Franklin No. 19AP-394, 2021-Ohio-1499, ¶ 22.

{¶ 21} Here, Hetzer testified that when he discovered Keeton in his home, Keeton was already holding Hetzer's gun. The state presented a photograph of the gun in Hetzer's home, and Hetzer testified it depicted the same gun that Keeton was in the process of stealing. This evidence was sufficient to support the firearm specification, and the jury did not clearly lose its way in finding Hetzer's testimony credible.

{¶ 22} Accordingly, given the evidence at trial, the jury was entitled to find beyond a reasonable doubt that Keeton committed the charged offense of aggravated burglary, with the associated firearm specification. Keeton's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. The jury did not lose its way and did not create such a manifest miscarriage of justice that Keeton's convictions must be

reversed and a new trial ordered.

{¶ 23} Keeton's first assignment of error is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} AS AMENDED BY THE REAGAN TOKES ACT, OHIO REVISED CODE SECTION 2929.14(A)(1)(a) AND (A)(2)(a) AS APPLIED TO APPELLANT VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO, THUS MAKING KEETON'S SENTENCE UNCONSTITUTIONAL.

{¶ 26} In his second assignment of error, Keeton challenges the constitutionality of the Reagan Tokes Law and contends that Ohio's indefinite sentencing structure violates the doctrine of the separation of powers, his right to due process, and his right to a trial by jury. In his brief, Keeton recognizes that this court has previously found the Reagan Tokes Law to be constitutional, but surprisingly states that he "is not requesting this court review its previous decisions." *See State v. Guyton*, 12th Dist. Buter No. CA2019-12-203, 2020-Ohio-3837; *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838; *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626. Instead, Keeton purports to merely preserve these issues for a potential future appeal and attempts to summarily incorporate the arguments made by other appellants who have challenged the Reagan Tokes Law in this court's previous cases without detailing any arguments whatsoever.

{¶ 27} It is well established that "the rules of Appellate Procedure do not permit parties to 'incorporate by reference' arguments from other sources." *Ebbing v. Lawhorn*, 12th Dist. Butler No. CA2011-07-125, 2012-Ohio-3200, ¶ 29. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to an alleged error," much less to search multiple records from entirely different cases. *Id.* at ¶ 31. Nor is it the duty of this court to "'root out' or develop an argument that can support

an assignment of error, even if one exists." *Rathert v. Kempker*, 12th Dist. Clermont No. CA2010-06-043, 2011-Ohio-1873, ¶ 12.

{¶ 28} The appellate rules expressly provide what an appellant must include in an appellate brief and the resulting consequences if an appellant chooses to ignore the rules. App.R. 16(A)(7) states than an appellant shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary." Thus, pursuant to App. R. 16, "arguments are to be presented within the body of the merit brief." *Lawhorn* at ¶ 29. If an appellant fails to comply with App.R.16(A), an appellate court may overrule the assignment of error as stated in App.R. 12(A)(2): "The court may disregard an assignment of error presented for review if the party raising it fails to argue the assignment separately in the brief, as required under App.R. 16(A)."

{¶ 29} Consequently, and pursuant to App.R. 12 and 16, we decline to consider Keeton's second assignment of error and need not revisit our previous decisions upholding the constitutionality of the Reagan Tokes Law.[1]

{¶ 30} Keeton's second assignment of error is overruled.

{¶ 31} Judgment Affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

---

1. We note that the record demonstrates Keeton never challenged the constitutionality of the Reagan Tokes Law with the trial court. This court has repeatedly held, "arguments challenging the constitutionality of the Reagan Tokes Law are forfeited and will not be heard for the first time on appeal in cases where the appellant did not raise the issue with the trial court." *State v. Singh*, 12th Dist. No. CA2021-12-158, 2022-Ohio-3385, ¶ 93, quoting *State v. Blaylock*, 12th Dist. Butler No. CA2020-11-113, 2021-Ohio-2631, ¶ 7. Thus, even if Keeton had fully briefed his second assignment of error, it still would be overruled as forfeited. Further, even if Keeton had not forfeited such arguments, this court has repeatedly found that the Reagan Tokes Law does not run afoul of an offender's due process rights, an offender's constitutional right to a jury, or the doctrine of the separation of powers. *Singh* at ¶ 93, fn. 3.